Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Christopher J. Bridger
Assistant United States Attorney
402 E. Yakima Ave., Ste. 210
Yakima, WA 98901-2760
Telephone: (509) 454-4425

FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

NOV 28 2023

SEAN F. MCAVOY, CLERK
_____, DEPUTY
YAKIMA, WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RONALD LEE RALSTON, Jr.,<br><br>Defendant. | Case No.: 1:23-CR-2036-MKD-1<br><br>Plea Agreement |

Plaintiff United States of America, by and through Vanessa R. Waldref, United States Attorney the Eastern District of Washington, and Christopher J. Bridger, Assistant United States Attorney for the Eastern District of Washington, and Defendant Ronald Lee Ralston, Jr. ("Defendant"), both individually and by and through Defendant's counsel, Ulvar Klein, agree to the following Plea Agreement.

1. <u>Guilty Plea and Maximum Statutory Penalties</u>

Defendant agrees to enter a plea of guilty to the sole Count of the Indictment filed on June 13, 2023, which charges Defendant with Conspiracy to Distribute 500 Grams or More of Methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii); all in violation of 21 U.S.C. § 846, a Class A felony.

Defendant understands that the following potential penalties apply:

PLEA AGREEMENT - 1

      a.    a term of imprisonment of not less than 10 years and up to a lifetime;

      b.    a term of supervised release of not less than 5 years and up to a lifetime;

      c.    a fine of up to $10,000,000;

      d.    a $100 special penalty assessment; and

      e.    denial of certain federal benefits pursuant to 21 U.S.C.§§ 862 and 862a.

2. <u>Supervised Release</u>

Defendant understands that if Defendant violates any condition of Defendant's supervised release, the Court may revoke Defendant's term of supervised release, and require Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, up to the following terms:

      a.    5 years in prison if the offense that resulted in the term of Supervised Release is a class A felony,

      b.    3 years in prison if the offense that resulted in the term of Supervised Release is a class B felony, and/or

      c.    2 years in prison if the offense that resulted in the term of Supervised Release is a class C felony.

Accordingly, Defendant understands that if Defendant commits one or more violations of supervised release, Defendant could serve a total term of incarceration greater than the maximum sentence authorized by statute for Defendant's offense or offenses of conviction.

3. <u>The Court is Not a Party to this Plea Agreement</u>

PLEA AGREEMENT - 2

The Court is not a party to this Plea Agreement and may accept or reject it. Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will impose in this matter.

Defendant understands the following:

    a. sentencing is a matter solely within the discretion of the Court;

    b. the Court is under no obligation to accept any recommendations made by the United States or Defendant;

    c. the Court will obtain an independent report and sentencing recommendation from the United States Probation Office;

    d. the Court may exercise its discretion to impose any sentence it deems appropriate, up to the statutory maximum penalties;

    e. the Court is required to consider the applicable range set forth in the United States Sentencing Guidelines, but may depart upward or downward under certain circumstances; and

    f. the Court may reject recommendations made by the United States or Defendant, and that will not be a basis for Defendant to withdraw from this Plea Agreement or Defendant's guilty plea.

4. **Potential Immigration Consequences of Guilty Plea**

If Defendant is not a citizen of the United States, Defendant understands the following:

    a. pleading guilty in this case may have immigration consequences;

    b. a broad range of federal crimes may result in Defendant's removal from the United States, including the offense to which Defendant is pleading guilty;

    c. removal from the United States and other immigration consequences are the subject of separate proceedings; and

PLEA AGREEMENT - 3

        d.      no one, including Defendant's attorney or the Court, can predict with absolute certainty the effect of a federal conviction on Defendant's immigration status.

Defendant affirms that Defendant is knowingly, intelligently, and voluntarily pleading guilty as set forth in this Plea Agreement, regardless of any immigration consequences that Defendant's guilty plea may entail.

5.    <u>Denial of Federal Benefits</u>

Defendant understands that by entering this plea of guilty, Defendant is no longer eligible for assistance under any state program funded under part A of Title IV of the Social Security Act (concerning Temporary Assistance for Needy Families) or benefits under the food stamp program or any state program carried out under the Food Stamp Act. 21 U.S.C. § 862a. Defendant also understands that the Court may deny Defendant's eligibility for any grant, contract, loan, professional license, or commercial license provided by an agency of the United States or by appropriated funds of the United States. 21 U.S.C. § 862.

6.    <u>Waiver of Constitutional Rights</u>

Defendant understands that by entering this guilty plea, Defendant is knowingly and voluntarily waiving certain constitutional rights, including the following:

        a.      the right to a jury trial;

        b.      the right to see, hear and question the witnesses;

        c.      the right to remain silent at trial;

        d.      the right to testify at trial; and

        e.      the right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands that Defendant retains the right to be assisted by an attorney through the sentencing proceedings in this case and any direct appeal of Defendant's

PLEA AGREEMENT - 4

conviction and sentence, and that an attorney will be appointed at no cost if Defendant cannot afford to hire an attorney.

Defendant understands and agrees that any defense motions currently pending before the Court are mooted by this Plea Agreement, and Defendant expressly waives Defendant's right to bring any additional pretrial motions.

7. Elements of the Offense

The United States and Defendant agree that in order to convict Defendant of Conspiracy to Distribute 500 Grams or More of Methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii); all in violation of 21 U.S.C. § 846, the United States would have to prove the following beyond a reasonable doubt.

    a. *First*, beginning on a date unknown, but by or on or about May 4, 2023, and continuing until on or about June 7, 2023, within the Eastern District of Washington, there was an agreement between two or more persons to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a schedule II controlled substance; and

    b. *Second*, the Defendant knowingly and intentionally joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

8. Factual Basis and Statement of Facts

The United States and Defendant stipulate and agree to the following: the facts set forth below are accurate; the United States could prove these facts beyond a reasonable doubt at trial; and these facts constitute an adequate factual basis for Defendant's guilty plea.

The United States and Defendant agree that this statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts that are relevant to the Sentencing Guidelines computation or sentencing, unless otherwise prohibited in this Plea Agreement.

PLEA AGREEMENT - 5

  Federal Bureau of Investigations Task Force members received reports that Defendant (Ronald Lee Ralston, Jr.) and Jesse Lee Johnson were distributing large quantities of methamphetamine and fentanyl from Defendant's residence in Selah, WA.

  As a result of their investigation, FBI Task Force members set up an unsuccessful controlled buy between Defendant and Jesse Johnson on May 4, 2023. The confidential human source arrived at Defendant's residence in Selah, WA, located in the Eastern District of Washington, and attempted to purchase methamphetamine from the Defendant. The Defendant stated that the methamphetamine that he had on hand was already spoken for and not available for sale that day. However, the Defendant and Jesse Johnson were both captured on video discussing the future purchase of controlled substances to the confidential human source.

  Based on the previous discussion between the confidential human source, Defendant, and Jesse Johnson discussing the future purchase of drugs, a second controlled buy was set up on May 16, 2023. The confidential human source and their vehicle were checked for contraband prior to the controlled buy. The confidential human source was provided with $2,000 in buy funds and an audio-visual recorder. The audio-visual recorder was monitored during the conduct of the controlled buy. The controlled buy took place at Defendant's residence located in Selah, WA. As previously agreed between the parties, the confidential human source arrived and the Defendant gave the confidential human source approximately a pound of methamphetamine. Jesse Johnson gave the confidential human source approximately 100 pills of fentanyl. The confidential human source handed Jesse Johnson the $2,000 in buy funds. The Defendant told the confidential human source that he could get the confidential human source any methamphetamine and fentanyl required with 24-hour notice. The Defendant and Jesse Johnson were seen with firearms during the controlled purchase. The

PLEA AGREEMENT - 6

confidential human source then left the residence and gave the drugs to law enforcement, which were field tested and entered into evidence.

A search warrant was issued by the District Court for the Eastern District of Washington and later executed by law enforcement on June 7, 2023 to search the Defendant's residence for evidence related to drug distribution. In the Defendant's trailer located on the property, law enforcement seized approximately 1.5 pounds of methamphetamine, other controlled substances, and two firearms. Law enforcement seized another firearm and approximately .5 pounds of methamphetamine inside the main residence on the property.

Defendant stipulates that by on or about May 4, 2023 and continuing until on or about June 7, 2023, within the Eastern District of Washington, that the Defendant and Jesse Lee Johnson knowingly and intentionally agreed and conspired to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a schedule II controlled substance.

Defendant knowingly and intentionally joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

9. <u>Drug Quantity</u>

The United States and Defendant agree and stipulate that 1,187 grams of pure methamphetamine and 70.67 net weight grams of fentanyl was possessed with intent to distribute or actually distributed in furtherance of the criminal activity jointly undertaken by Defendant and Jesse Lee Johnson; this amount was within the scope of Defendant's agreement; this amount was reasonably foreseeable to Defendant in connection with the conspiracy; and Defendant's relevant conduct for sentencing purposes should be calculated based on this amount, pursuant to U.S.S.G. § 1B1.3.

10. <u>The United States' Agreements</u>

The United States Attorney's Office for the Eastern District of Washington agrees not to bring additional charges against Defendant based on information in

PLEA AGREEMENT - 7

its possession at the time of this Plea Agreement that arise from conduct that is either charged in the Indictment or identified in discovery produced in this case, unless Defendant breaches this Plea Agreement before sentencing.

11. <u>United States Sentencing Guidelines Calculations</u>

Defendant understands and acknowledges that the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") apply and that the Court will determine Defendant's advisory range at the time of sentencing, pursuant to the Guidelines. The United States and Defendant agree to the following Guidelines calculations.

    a.    <u>Base Offense Level</u>

The United States and the Defendant agree that the base offense level for Conspiracy to Distribute 500 Grams or More of Methamphetamine is 34. U.S.S.G. § 2D1.1(a)(5); (c)(3).

    b.    <u>Special Offense Characteristics</u>

The United States and the Defendant agree that the Defendant's base offense level is increased by 2 levels for possessing a dangerous weapon. U.S.S.G. § 2D1.1(b)(1).

    c.    <u>Acceptance of Responsibility</u>

The United States will recommend that Defendant receive a downward adjustment for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a), (b), if Defendant does the following:

        i.    accepts this Plea Agreement;

        ii.    enters a guilty plea at the first Court hearing that takes place after the United States offers this Plea Agreement;

        iii.    demonstrates recognition and affirmative acceptance of Defendant's personal responsibility for Defendant's criminal conduct;

        iv.    provides complete and accurate information during the sentencing process; and

PLEA AGREEMENT - 8

        v.      does not commit any obstructive conduct.

The United States and Defendant agree that at its option and on written notice to Defendant, the United States may elect not to recommend a reduction for acceptance of responsibility if, prior to the imposition of sentence, Defendant is charged with, or convicted of, any criminal offense, or if Defendant tests positive for any controlled substance.

    d.    <u>No Other Agreements</u>

The United States and Defendant have no other agreements regarding the Guidelines or the application of any Guidelines enhancements, departures, or variances. Defendant understands and acknowledges that the United States is free to make any sentencing arguments it sees fit, including arguments arising from Defendant's uncharged conduct, conduct set forth in charges that will be dismissed pursuant to this Agreement, and Defendant's relevant conduct.

    e.    <u>Criminal History</u>

The United States and Defendant have no agreement and make no representations about Defendant's criminal history category, which will be determined by the Court after the United States Probation Office prepares and discloses a Presentence Investigative Report.

12.    <u>Safety Valve</u>

The United States and the Defendant stipulate and agree that the Defendant is not eligible for the safety valve provisions of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2.

13.    <u>Incarceration</u>

The United States agrees to recommend that the Court impose a sentence at the low end of the Guidelines, as calculated by the Court.

Defendant may recommend any legal sentence.

14.    <u>Supervised Release</u>

PLEA AGREEMENT - 9

The United States and Defendant each agree to recommend 5 years of supervised release. Defendant agrees that the Court's decision regarding the conditions of Defendant's Supervised Release is final and non-appealable; that is, even if Defendant is unhappy with the conditions of Supervised Release ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or any term of Supervised Release.

The United States and Defendant agree to recommend that in addition to the standard conditions of supervised release imposed in all cases in this District, the Court should also impose the following conditions:

    a.    The United States Probation Officer may conduct, upon reasonable suspicion, and with or without notice, a search of Defendant's person, residences, offices, vehicles, belongings, and areas under Defendant's exclusive or joint control.

    b.    Defendant shall participate and complete such drug testing and drug treatment programs as the Probation Officer directs.

15. <u>Criminal Fine</u>

The United States and Defendant may make any recommendation concerning the imposition of a criminal fine. Defendant acknowledges that the Court's decision regarding a fine is final and non-appealable; that is, even if Defendant is unhappy with a fine ordered by the Court, that will not be a basis for Defendant to withdraw Defendant's guilty plea, withdraw from this Plea Agreement, or appeal Defendant's conviction, sentence, or fine.

16. <u>Judicial Forfeiture</u>

Defendant, RONALD LEE RALSTON, Jr., agrees to voluntarily forfeit and relinquish all right, title and interest he has in the following listed assets to the United States:

- $1,655.66 U.S. currency;

PLEA AGREEMENT - 10

- a 12 Gauge Browning shotgun, bearing serial number 88645;
- a New England 12 Gauge shotgun, bearing serial number NX504158;
- a black rifle, no manufacturer, no model, no serial number; and,
- any and all seized ammunition, magazines and other accessories

Defendant acknowledges that the assets listed above are subject to forfeiture to the United States pursuant to 21 U.S.C. § 853 for the offense Conspiracy to Distribute 500 Grams or More of Methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii); all in violation of 21 U.S.C. § 846.

Defendant agrees to take all steps as requested by the United States to pass clear title to the assets to the United States and to testify truthfully in any forfeiture proceeding. Defendant agrees to hold all law enforcement agents and the United States, its agents, and its employees harmless from any claims whatsoever arising in connection with the seizure, abandonment, or forfeiture of any asset covered by this agreement.

Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of the asset(s). Defendant waives oral pronouncement of forfeiture at the time of sentencing, and any defects that may pertain to the forfeiture.

Defendant waives further notice of any federal, state or local proceedings involving the forfeiture of the seized assets the Defendant is agreeing to forfeit in this Plea Agreement.

17. <u>Mandatory Special Penalty Assessment</u>

Defendant agrees to pay the $100 mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington, pursuant to 18 U.S.C. § 3013.

PLEA AGREEMENT - 11

18. <u>Payments While Incarcerated</u>

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, Defendant agrees to earn money toward these obligations by participating in the Bureau of Prisons' Inmate Financial Responsibility Program.

19. <u>Additional Violations of Law Can Void Plea Agreement</u>

The United States and Defendant agree that the United States may, at its option and upon written notice to the Defendant, withdraw from this Plea Agreement or modify its sentencing recommendation if, prior to the imposition of sentence, Defendant is charged with or convicted of any criminal offense or tests positive for any controlled substance.

20. <u>Waiver of Appeal Rights</u>

Defendant understands that Defendant has a limited right to appeal or challenge Defendant's conviction and the sentence imposed by the Court.

Defendant expressly waives all of Defendant's rights to appeal Defendant's conviction and the sentence the Court imposes.

Defendant expressly waives Defendant's right to appeal any fine, term of supervised release, or restitution order imposed by the Court.

Defendant expressly waives the right to file any post-conviction motion attacking Defendant's conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based on ineffective assistance of counsel arising from information not now known by Defendant and which, in the exercise of due diligence, Defendant could not know by the time the Court imposes sentence.

Nothing in this Plea Agreement shall preclude the United States from opposing any post-conviction motion for a reduction of sentence or other attack upon the conviction or sentence, including, but not limited to, writ of habeas corpus proceedings brought pursuant to 28 U.S.C. § 2255.

21. <u>Withdrawal or Vacatur of Defendant's Plea</u>

PLEA AGREEMENT - 12

Should Defendant successfully move to withdraw from this Plea Agreement or should Defendant's conviction be set aside, vacated, reversed, or dismissed under any circumstance, then:

    a.    this Plea Agreement shall become null and void;

    b.    the United States may prosecute Defendant on all available charges;

    c.    The United States may reinstate any counts that have been dismissed, have been superseded by the filing of another charging instrument, or were not charged because of this Plea Agreement; and

    d.    the United States may file any new charges that would otherwise be barred by this Plea Agreement.

The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

Defendant agrees to waive any objections, motions, and/or defenses Defendant might have to the United States' decisions to seek, reinstate, or reinitiate charges if a count of conviction is withdrawn, set aside, vacated, reversed, or dismissed, including any claim that the United States has violated Double Jeopardy.

Defendant agrees not to raise any objections based on the passage of time, including but not limited to, alleged violations of any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

22. <u>Integration Clause</u>

The United States and Defendant acknowledge that this document constitutes the entire Plea Agreement between the United States and Defendant, and no other promises, agreements, or conditions exist between the United States and Defendant concerning the resolution of the case.

PLEA AGREEMENT - 13

This Plea Agreement is binding only on the United States Attorney's Office for the Eastern District of Washington, and cannot bind other federal, state, or local authorities.

The United States and Defendant agree that this Agreement cannot be modified except in a writing that is signed by the United States and Defendant.

<u>Approvals and Signatures</u>

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Vanessa R. Waldref
United States Attorney

_____    _____
Christopher J. Bridger            Date   28 Nov 23
Assistant United States Attorney

PLEA AGREEMENT - 14

I have read this Plea Agreement and I have carefully reviewed and discussed every part of this Plea Agreement with my attorney. I understand the terms of this Plea Agreement. I enter into this Plea Agreement knowingly, intelligently, and voluntarily. I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promises or inducements have been made to me, other than those contained in this Plea Agreement. No one has threatened or forced me in any way to enter into this Plea Agreement. I agree to plead guilty because I am guilty.

_____    11/21/2023
Ronald Lee Ralston, Jr.                                    Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept Defendant's guilty plea.

_____    11/21/2023
Ulvar Klein                                                         Date
Attorney for Defendant

PLEA AGREEMENT - 15