Ulvar W. Klein
2nd Street Law PLLC
217 N. 2nd Street
Yakima, WA 98901
(509) 575-0372
Attorney for Ronald Lee Ralston Jr

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> RONALD LEE RALSTON JR, <br><br> Defendant(s). | Case No. 1:23-CR-2036-MKD <br><br> DEFENDANTS REVIEW OF PRESENTENCE REPORT AND SENTENCING MEMORANDUM |

## MOTION

COMES NOW the defendant, Ronald Lee Ralston Jr., through his attorney, Ulvar Klein, and hereby submits the following objections to the presentence investigation report and his sentencing memorandum.

2nd Street
LAW PLLC
217 N. 2nd Street
Yakima, WA 98901
(509) 575-0372
fax (509) 452-6771

I. Offense Level & Criminal History,

Whether the PSR's Total Offense Level calculations (not including departures) and Criminal History calculations are correct or incorrect.

At paragraph 42, page 8, the PSR calculates the defendant's adjusted offense level at 35, with a base offense level of 36. However, the stipulations of the parties would have a different result. Where the PSR had a converted drug weight of 31,068.9[1] kilograms, the plea agreement contemplates a converted drug weight of 23,916.67[2] kilograms for all relevant conduct of the defendant. (Plea agreement page 7 lines 18-25). Following the agreed 2 point increase for possession of a weapon and with the 3 point reduction for acceptance the total offense level should be 33 instead of 35.

The criminal history calculations appear to be correct. The guideline range should be 151-188 months.

II. Departures,

Pursuant to the plea agreement the defendant is asking the court for the lowest possible sentence; 120 months. This would be lower than the guidelines suggest, but still well supported by the 3553 factors discussed below.

---

[1] In the PSR there is an error undercounting the fentanyl converted weight. This would not affect the PSR base offense level calculations.

[2] 1,187 grams of pure meth=23,740 kilograms of converted weight
70.67 grams of fentanyl=176.67 kilograms of converted weight
Total converted weight 23,916.67=level 34



217 N. 2nd Street
Yakima, WA 98901
(509) 575-0372
fax (509) 452-6771

<u>18 U.S.C. § 3553(a) is a statute that requires the court to consider certain factors in determining the specific sentence to impose.</u>

<u>The nature and circumstances of the offense and the history and characteristics of the defendant</u>

The defendant was caught selling methamphetamine and fentanyl. The amounts were clearly more than just personal use quantities with a couple pounds of meth and some pills. But these amounts certainly weren't the basis for any significant personal enrichment. Despite his activities dealing drugs Mr. Ralston remains impoverished with the residence property which was raided resembling a junkyard more than a home.

Mr. Ralston has lived a life completely dominated and ruined by his addictions. When he finally gets out there will be no room for further self-imposed failure. Mr. Ralston is sufficiently self-aware to know the truth of his situation.

<u>The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense</u>

The defendant is asking the court to impose the statutory minimum sentence of 10 years. He is 57 years old now and in imperfect health after a lifetime of methamphetamine abuse. He can only hope to have some meaningful years for



217 N. 2nd Street
Yakima, WA 98901
(509) 575-0372
fax (509) 452-6771

himself following his release.  Whether his family can survive intact until his return remains to be seen.  120 months is certainly a substantial sentence and should never be viewed by any rational person as trivial.  In this case it would provide just punishment and promote respect for the law.

<u>The need for the sentence imposed to afford adequate deterrence to criminal conduct.</u>

      120 months gives a strong general deterrence signal.  To the extent that others learn of this sanction, the message to the community will be a very powerful one.  Ten years in prison for a drug case without a fatality and without any significant profit clearly shows as best that we can that this crime "does not pay".

<u>The need for the sentence imposed to protect the public from further crimes of the defendant.</u>

      120 months also provides ten years of specific deterrence to Mr. Ralston.  He is going to be out of circulation until he is 65 years of age or even older.  His customer base will have already moved on to other dealers.  He will not be a source for our drug problem.  The real test will be once Mr. Ralston is released.  The hope will be that he has aged out of this lifestyle and behavior.  It also seems likely that younger blood would box him out of the "business" once he is released.



217 N. 2nd Street
Yakima, WA 98901
(509) 575-0372
fax (509) 452-6771

<u>The need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment.</u>

Mr. Ralston needs treatment for his addictions. He needs something to finally work. Mr. Ralston needs vocational training. He needs to finally work. Whatever sentence the court imposes will provide adequate time for Mr. Ralston to take advantage of all of the opportunities which will be available. He is committed to using his time in custody as well as possible.

<u>The need for the sentence imposed to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.</u>

Ten years in prison is always a long sentence. It would be significantly longer than many other defendant's actually receive. Because of a firearm which was possessed, but not displayed, Mr. Ralston is not eligible for a safety valve sentence. He has no chance to get less than the 10 year mandatory minimum. Many other drug dealing defendants are able to escape the trap set by the legislation.

Further calculations for disparities are always difficult for legal counsel. The reality is that many sentences have considerations such as cooperation agreements that are not the proper subject of discussion. Yet, it can still be said that the trend seems to be noticeably less draconian sentences for the dealer/user. As we see the drug quantities rise and the purity levels increase, the harshest penalties have been



217 N. 2nd Street
Yakima, WA 98901
(509) 575-0372
fax (509) 452-6771

properly reserved for those making real wealth off of the self-inflicted misery of others.

## CONCLUSION

The defendant's age, physical health and lack of significant felony criminal history would suggest that 10 years may even be more than necessary under these circumstances. As it is the least the court can do, it is what the defendant must respectfully request.

    /s Ulvar W. Klein
Ulvar W. Klein, WSBA 24334
2nd Street Law, PLLC
217 N. 2nd Street
Yakima, WA 98901
Office (509) 575-0372
Fax: (509) 452-6771
ulvar@secondstreetlaw.com
Attorney for Ronald Lee Ralston Jr.



2nd Street LAW PLLC
217 N. 2nd Street
Yakima, WA 98901
(509) 575-0372
fax (509) 452-6771

CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notifications of such filing to AUSA Christopher J. Bridger and AUSA Michael Murphy

      <u>s/ Marcie Rivera</u>
      Marcie Rivera
      Second Street Law PLLC
      (509) 575-0372
      (509) 452-6771
      Marcie@secondstreetlaw.com

2nd Street LAW PLLC
217 N. 2nd Street
Yakima, WA 98901
(509) 575-0372
fax (509) 452-6771